UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER MICHAEL MABIE | Case No. 1:16-cv-01035-MJS (PC) |
| Plaintiff, | **ORDER DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND** |
| v. | |
| T. HOGAN, et al., | **(ECF No. 7)** |
| Defendants. | **THIRTY-DAY DEADLINE** |

Plaintiff Peter Michael Mabie, a prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on July 18, 2016. (ECF No. 1.) Plaintiff's complaint is before the Court for screening.  He has consented to Magistrate Judge jurisdiction. (ECF No. 5.) No other parties have appeared.

On October 20, 2016, the Court screened Plaintiff's civil rights complaint and dismissed it with leave to amend. (ECF No. 6.) Now before the Court is Plaintiff's first amended complaint. (ECF No. 7.)

**I.      Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity.  28

U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

## II. Pleading Standard

Section 1983 provides a cause of action against any person who deprives an individual of federally guaranteed rights "under color" of state law. 42 U.S.C. § 1983. A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)), and courts "are not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).  While factual allegations are accepted as true, legal conclusions are not. Iqbal, 556 U.S. at 678.

Under section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  This requires the presentation of factual allegations sufficient to state a plausible claim for relief.  Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted), but nevertheless, the mere possibility of misconduct falls short of meeting the plausibility standard, Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

2

### III. Plaintiff's Allegations

Plaintiff is currently incarcerated at the Golden State Modified Community Correctional Facility ("GSMCCF") in MacFarland, California, where his claims arose.[1]

Plaintiff brings this suit against Defendants T. Hogan, Correctional Lieutenant, and Bodinsky, a Correctional Captain. He alleges violations of the First and Eighth Amendments. Plaintiff seeks monetary damages.

Plaintiff's factual allegations are as follows:

On December 18, 2015, Lt. Hogan entered Plaintiff's housing area and hit Plaintiff in the back of the head with a blunt object, leaving him injured and disoriented. When Plaintiff complained to Hogan that he was injured, she said "oh well, get over it!" Plaintiff continues to suffer the effects of this head trauma, including pain, soreness, dizziness, trouble sleeping, stress, and anxiety.

Plaintiff reported the incident to the floor officer and asked to see Bodinsky, Hogan's direct supervisor. His request was denied, however the next day Plaintiff was called down to Bodinsky's office. Bodinsky chastised Plaintiff for "exercising [his] inmate appeal (602) rights" against Hogan. Bodinsky told Plaintiff that he would need to conduct a videotaped interview. Plaintiff stated that he did not feel well and wanted to go to medical. Bodinsky denied Plaintiff's request and forced Plaintiff to conduct the videotaped interview then and there.

On January 26, 2016, Hogan came to Plaintiff's housing area, looked Plaintiff in the eye, and pushed past Plaintiff. She then cut down Plaintiff's personal clothes line. When Plaintiff asked why she was cutting down his clothes line, she rolled her eyes and waved her hand as if to dismiss Plaintiff, but did not say anything. The next day, Hogan again entered Plaintiff's housing area and again cut down Plaintiff's clothes line. Plaintiff stated that he felt she was targeting him. Hogan replied, "602 me!" Plaintiff informed

---

[1] GSMCCF is a private prison operating under contract with the California Department of Corrections and Rehabilitation. Under § 1983, "a state prisoner may sue a private prison for deprivation of constitutional rights." See Lugar v. Edmonson Oil Co., 457, U.S. 922, 936-937 (1982) (permitting suit under § 1983 against private corporations exercising "state action.")

3

Sergeant Baker, who said there was nothing he could do.

## IV. Discussion

### A. Eighth Amendment

The Eighth Amendment protects prisoners from both excessive uses of force and inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006) (citing Farmer v. Brennan, 511 U.S. 825, 847 (1994) and Rhodes v. Chapman, 452 U.S. 337, 347 (1981)) (quotation marks omitted).

#### a. Excessive Force

The unnecessary and wanton infliction of pain violates the Cruel and Unusual Punishments Clause of the Eighth Amendment. Hudson v. McMillian, 503 U.S. 1, 5 (1992) (citations omitted). For claims arising out of the use of excessive physical force, the issue is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Wilkins v. Gaddy, 559 U.S. 34, 37 (2010) (per curiam) (citing Hudson, 503 U.S. at 7) (internal quotation marks omitted). The objective component of an Eighth Amendment claim is contextual and responsive to contemporary standards of decency, Hudson, 503 U.S. at 8 (quotation marks and citation omitted), and although *de minimis* uses of force do not violate the Constitution, the malicious and sadistic use of force to cause harm always violates contemporary standards of decency, regardless of whether or not significant injury is evident. Wilkins, 559 U.S. at 37-8 (citing Hudson, 503 U.S. at 9-10) (quotation marks omitted).

There is a dearth of facts pled regarding Hogan's use of force on Plaintiff. Plaintiff does not explain the context in which the two came into contact with each other that day. If Plaintiff is claiming Hogan suddenly and spontaneously, out-of-the-blue, attacked a wholly unsuspecting Plaintiff without any prior dispute or contact between them, he should so state. Otherwise he should include a description of events surrounding the contact by Hogan, including such things as: a description of his last previous encounter with Hogan before the contact; a summary of what he was saying and doing immediately before the attack and of what Hogan was doing and saying immediately before the

4

attack; and/or a summary of what each said to each other or others after the contact.

Plaintiff's excessive force claim will be dismissed with leave to amend so that he can address such issues and circumstance if he chooses to amend.

### b.  Conditions of Confinement

To allege an Eighth Amendment claim for inhumane conditions of confinement, a prisoner must show that prison officials were deliberately indifferent to a substantial risk of harm to his health or safety.  See, e.g., Farmer, 511 U.S. at 847; Thomas v. Ponder, 611 F.3d 1144, 1150-51 (9th Cir. 2010). "Deliberate indifference describes a state of mind more blameworthy than negligence" but is satisfied by something "less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." Farmer, 511 U.S. at 835.  Plaintiff must demonstrate first that the seriousness of the risk was obvious or provide other circumstantial evidence that Defendants were aware of the substantial risk to his health, and second that there was no reasonable justification for exposing him to that risk. Lemire, 726 F.3d at 1078 (citing Thomas v. Ponder, 611 F.3d 1144, 1150 (9th Cir. 2010)) (quotation marks omitted).

Likewise, for Eighth Amendment claims arising out of medical care in prison, Plaintiff "must show (1) a serious medical need by demonstrating that failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent." Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012) (citing Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006)).

Here, Plaintiff alleges that Bodinsky denied Plaintiff's request to go to medical and instead forced Plaintiff to record the videotaped interview on the spot. Plaintiff does not allege that his need for medical attention at that moment was objectively serious, or that Bodinsky's decision to make Plaintiff record the interview before going to medical was deliberately indifferent. Plaintiff's medical care claims against Plaintiff will be dismissed. Further leave to amend would be futile and will be denied.

5

### B.     Retaliation

It is well-settled that § 1983 provides for a cause of action against prison officials who retaliate against inmates for exercising their constitutionally protected rights. Pratt v. Rowland, 65 F.3d 802, 806 n. 4 (9th Cir. 1995) ("[R]etaliatory actions by prison officials are cognizable under § 1983.") Within the prison context, a viable claim of retaliation entails five basic elements: "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his constitutional rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005); *accord* Watison v. Carter, 668 F.3d at 1114-15; Silva v. Di Vittorio, 658 F.3d 1090, 1104 (9th Cir. 2011); Brodheim v. Cry, 584 F.3d at 1269.

The second element focuses on causation and motive. See Brodheim v. Cry, 584 F.3d 1262, 1271 (9th Cir. 2009). A plaintiff must show that his protected conduct was a "'substantial' or 'motivating' factor behind the defendant's conduct." Id. (quoting Sorrano's Gasco, Inc. v. Morgan, 874 F.2d 1310, 1314 (9th Cir. 1989). Although it can be difficult to establish the motive or intent of the defendant, a plaintiff may rely on circumstantial evidence. Bruce, 351 F.3d at 1289 (finding that a prisoner established a triable issue of fact regarding prison officials' retaliatory motives by raising issues of suspect timing, evidence, and statements); Hines v. Gomez, 108 F.3d 265, 267-68 (9th Cir. 1997); Pratt, 65 F.3d at 808 ("timing can properly be considered as circumstantial evidence of retaliatory intent").

In terms of the third prerequisite, filing a complaint or grievance is constitutionally protected. Cruzan by Cruzan v. Dir., Missouri Dept. of Health, 497 U.S. at 278.

With respect to the fourth prong, the correct inquiry is to determine whether an official's acts "could chill a person of ordinary firmness from continuing to engage in the protected activity[]." Pinard v. Clatskanie School Dist. 6J, 467 F.3d 755, 770 (9th Cir. 2006); see also White v. Lee, 227 F.3d 1214, 1228 (9th Cir. 2000). "A plaintiff does not have to show that 'his speech was actually inhibited or suppressed,' but rather that the

adverse action at issue 'would chill or silence a person of ordinary firmness from future First Amendment activities.'" Brodheim, 584 F.3d at 1271 (*quoting* Rhodes, 408 F.3d at 568–69.)

With respect to the fifth prong, a prisoner must affirmatively allege that "'the prison authorities' retaliatory action did not advance legitimate goals of the correctional institution or was not tailored narrowly enough to achieve such goals." Rizzo v. Dawson, 778 F.2d at 532.

First, Plaintiff fails to allege that Bodinsky retaliated against him for filing a grievance. That Bodinsky chastised Plaintiff is not, without more, sufficient to allege that an adverse action was taken against Plaintiff as a result of his appeal.

Plaintiff also alleges that Hogan twice entered his housing area and cut down his clothes line. When Plaintiff complained, she replied "602 me!" Plaintiff's having filed a 602 against Hogan for hitting him in the head one month earlier is sufficient at the pleading stage to allege a causal relationship between the earlier grievance and Hogan's cutting the line.

There are however no facts before the Court to suggest that cutting the line was truly an adverse action, one that harmed Plaintiff in any way, or, most importantly, one that reasonably would chill a reasonable person from exercising constitutional rights.

Plaintiff's pleadingalso fails to allege there was no legitimate penological reason for cutting down his clothes line.

Plaintiff's retaliation claims will be dismissed with leave to amend.

**V.     Conclusion**

Plaintiff's civil rights complaint fails to state a claim. He will be given one final opportunity to amend if he believes, in good faith, he can cure the identified deficiencies. If Plaintiff amends, he may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). If Plaintiff does not wish to file an amended complaint, he must file a notice of willingness to voluntarily withdraw his lawsuit.

7

If Plaintiff files an amended complaint, it should be brief, Fed. R. Civ. P. 8(a), but under section 1983, it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights and liability may not be imposed on supervisory personnel under the theory of *respondeat superior.* Iqbal, 556 U.S. at 676-77; Starr, 652 F.3d at 1205-07. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supersedes the original complaint, Lacey v. Maricopa County, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc), and it must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's first amended complaint (ECF No. 7) is DISMISSED with leave to amend;
2. The Clerk's Office shall send Plaintiff a blank complaint form along with a copy of the complaint filed November 9, 2016;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff must either:
    a. File an amended complaint curing the deficiencies identified by the Court in this order, or
    b. Notify the Court in writing that he wishes to voluntarily dismiss this case; and
4. If Plaintiff fails to comply with this order, the Court will dismiss this action for failure to state a claim and failure to obey a court order.

IT IS SO ORDERED.

Dated:   January 25, 2017           /s/ *Michael J. Seng*
                                    UNITED STATES MAGISTRATE JUDGE