1
2
3
4
5
<u>6</u>
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

PETER MICHAEL MABIE,

      Plaintiff,

    v.

T. HOGAN,

      Defendant.

**Case No. 1:16-cv-01035-MJS (PC)**

**ORDER DISMISSING CASE WITH PREJUDICE FOR FAILURE TO STATE A CLAIM**

**(ECF No. 9)**

**CLERK TO CLOSE CASE**

Plaintiff Peter Michael Mabie, a prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on July 18, 2016. (ECF No. 1.) He has consented to Magistrate Judge jurisdiction. (ECF No. 5.) No other parties have appeared.

On January 26, 2017, the Court screened Plaintiff's first amended complaint and dismissed it with leave to amend. (ECF No. 6.) Now before the Court is Plaintiff's second amended complaint. (ECF No. 7.)

**I.    Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity.  28

U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

**II.    Pleading Standard**

Section 1983 provides a cause of action against any person who deprives an individual of federally guaranteed rights "under color" of state law. 42 U.S.C. § 1983. A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)), and courts "are not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).  While factual allegations are accepted as true, legal conclusions are not.  Iqbal, 556 U.S. at 678.

Under section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights.  Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  This requires the presentation of factual allegations sufficient to state a plausible claim for relief.  Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted), but nevertheless, the mere possibility of misconduct falls short of meeting the plausibility standard, Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

1   **III.    Plaintiff's Allegations**

2        Plaintiff is currently incarcerated at the Golden State Modified Community

3   Correctional Facility ("GSMCCF") in MacFarland, California, where his claims arose.[1]

4        Plaintiff brings this suit against Defendant T. Hogan, a Correctional Lieutenant at

5   GSMCCF.   He alleges violations of the Eighth Amendment. Plaintiff seeks monetary

6   damages.

7        Plaintiff's factual allegations are as follows:

8        On December 18, 2015, Lt. Hogan entered Plaintiff's housing unit, walked directly

9   to Plaintiff's bed, and attempted to remove the lid to Plaintiff's locker box from behind

10  Plaintiff's bed. In the process, she hit Plaintiff in the back of the head, leaving him injured

11  and disoriented. When Plaintiff complained to Hogan that he was injured, she said "oh

12  well, get over it!" Plaintiff was not the only inmate with a locker lid behind his bed, and

13  Hogan could have removed any other locker lid, yet Hogan targeted Plaintiff even though

14  he was asleep. Plaintiff believes Hogan wanted to make a point to Plaintiff not to have a

15  locker lid behind his bed. Two weeks prior to this incident, Hogan questioned and

16  harassed Plaintiff about his right to receive religious kosher meals. Plaintiff continues to

17  suffer the effects of head trauma, including pain, soreness, dizziness, trouble sleeping,

18  stress, and anxiety.

19  **IV.    Discussion**

20       For the reasons discussed below, Plaintiff's second amended complaint will be

21  dismissed. Further leave to amend would be futile, and will be denied.

22       **A.    Eighth Amendment Excessive Force**

23       The unnecessary and wanton infliction of pain violates the Cruel and Unusual

24  Punishments Clause of the Eighth Amendment.  Hudson v. McMillian, 503 U.S. 1, 5

25  (1992) (citations omitted).  For claims arising out of the use of excessive physical force,

26

27  [1] GSMCCF is a private prison operating under contract with the California Department of Corrections and
    Rehabilitation. Under § 1983, "a state prisoner may sue a private prison for deprivation of constitutional
28  rights." See Lugar v. Edmonson Oil Co., 457, U.S. 922, 936-937 (1982) (permitting suit under § 1983
    against private corporations exercising "state action.")

1  the issue is "whether force was applied in a good-faith effort to maintain or restore

2  discipline, or maliciously and sadistically to cause harm." Wilkins v. Gaddy, 559 U.S. 34,

3  37 (2010) (per curiam) (citing Hudson, 503 U.S. at 7) (internal quotation marks omitted).

4  The objective component of an Eighth Amendment claim is contextual and responsive to

5  contemporary standards of decency, Hudson, 503 U.S. at 8 (quotation marks and citation

6  omitted), and although *de minimis* uses of force do not violate the Constitution, the

7  malicious and sadistic use of force to cause harm always violates contemporary

8  standards of decency, regardless of whether or not significant injury is evident. Wilkins,

9  559 U.S. at 37-8 (citing Hudson, 503 U.S. at 9-10) (quotation marks omitted).

10      On these facts, it does not appear that the alleged use of force was anything other

11  than an accident. There is no evidence that Hogan intentionally hit Plaintiff in the head

12  while she was in the process of removing the locker lid, let alone that she did so

13  maliciously and sadistically to cause harm. Her response of "oh well, get over it," while

14  perhaps rude, does not demonstrate a constitutional violation. Plaintiff was twice advised

15  of the standards for an excessive force claim, and has failed to meet them. Leave to

16  amend will be denied.

17      **B.    Free exercise; Retaliation**

18      Plaintiff states, almost in passing, that two weeks prior to the locker lid incident,

19  Hogan questioned and harassed Plaintiff about his right to receive a religious kosher

20  meal.

21      Plaintiff was previously advised of the pleading standards for a religious exercise

22  claim. (ECF No. 6 at 9-10.) If Plaintiff believed he could plead such a claim against

23  Hogan for interfering with his right to practice his religion, he should have done so here.

24      To the extent Plaintiff means to suggest Hogan's actions were in retaliation for

25  Plaintiff's receiving of a religious kosher meal, Plaintiff was also advised of the

26  appropriate pleading standards for a retaliation claim. (ECF No. 6 at 13.) If Plaintiff

27  wished to make such a claim, he could have done so.

28

Case 1:16-cv-01035-MJS   Document 10   Filed 03/29/17   Page 5 of 5

**V.     Conclusion**

Plaintiff's second amended complaint fails to state a claim. He has twice been advised of the pleading standards for his claims, but failed to adhere to them. Further leave to amend would be futile.

Accordingly, it is HEREBY ORDERED that:

1.  Plaintiff's second amended complaint (ECF No. 9) is DISMISSED for failure to state a claim;

2.  Dismissal counts as a STRIKE pursuant to the "three strikes" provision set forth in 28 U.S.C. § 1915(g).

3.  The Clerk's Office shall terminate all pending motions and CLOSE this case.

IT IS SO ORDERED.

Dated:   __March 28, 2017__          /s/ *Michael J. Seng*

UNITED STATES MAGISTRATE JUDGE